999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sam JOHNSON, Plaintiff-Appellant,
v.
Henry GRAYSON, et al., Defendants-Appellees.
 No. 93-1071.
 United States Court of Appeals, Sixth Circuit.
 July 9, 1993.
 
 Before JONES and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Sam Johnson, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson is currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. Seeking monetary and equitable relief, Johnson sued eight Michigan state prison officials, employed at the Charles E. Egeler Correctional Facility, in their individual capacities. The defendants include the Warden (Grayson), an assistant deputy warden (Washington), a resident unit manager (McGlothlen), an assistant resident unit manager (Richards), a sergeant (Shepherd), an administrative assistant (Ashton), an assistant resident unit manager (Jones), and a hearing administrator (VanOchten). Johnson also named an additional hearing officer (Burns), who is now deceased, as a defendant; his estate was not substituted as a party. Johnson alleged that the defendants conspired to harass him after he filed grievances complaining that Jones had sexually harassed him, in violation of his First, Eighth, and Fourteenth Amendment rights. Johnson also alleged that Richards, McGlothlen, Shephard and VanOchten denied him access to the courts by confiscating legal papers from his cell.
 
 
 3
 Upon review of defendants' motion for summary judgment and Johnson's response, the magistrate judge filed a report recommending that the district court grant judgment in favor of the defendants. Following Johnson's objections, the district court adopted the magistrate judge's recommendation and granted defendants' motion for summary judgment. Thereafter, Johnson filed a post-judgment motion for relief under Fed.R.Civ.P. 52(b), 59 and 60(b)(2), within ten days after entry of judgment. Because there was no trial in this case, the district court treated the motion as one for reconsideration, and denied the relief sought. Further, to the extent that Johnson sought relief under Rule 60(b), the district court found that he had not established that he was entitled to relief from judgment. Johnson has filed a timely appeal, which we construe as filed from the underlying judgment. Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, 484 F.2d 78, 81 (6th Cir.1973).
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendants because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Johnson's allegations of harassment do not support a claim of retaliation because they fail to establish that defendants' actions constituted an "egregious abuse of governmental power" or that such actions otherwise "shocked the conscience." See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Moreover, Johnson's allegations do not support a claim of conspiracy. Cf. Moore v. City of Paducah, 890 F.2d 831, 834-35 (6th Cir.1989).
 
 
 5
 Johnson's allegations likewise do not support a claim of illegal transfer because inmates do not have an inherent constitutional right to placement in a particular institution. See Meachum v. Fano, 427 U.S. 215, 224 (1976). Additionally, Johnson has not established that defendants' actions prejudiced his pending criminal or civil litigation, in violation of his right to access to the courts. See Knop v. Johnson, 977 F.2d 996, 1000 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993).
 
 
 6
 Defendants Ashton, Grayson and Washington cannot be held liable because they were not personally involved in the events giving rise to Johnson's claims, nor did they authorize or condone any unconstitutional conduct. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 7
 Finally, all the defendants are entitled to qualified immunity because reasonable officials in their position could disagree as to whether application of the prison regulations at issue violated Johnson's rights. See Gossman v. Allen, 950 F.2d 338, 341 (6th Cir.1991).
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.